UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

    Plaintiff,

v.

S. HATTON, et al.,

    Defendants.

Case No. 19-cv-03608-HSG

**ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE ON DEFENDANT SANDOVAL**

    Plaintiff, an inmate at Corcoran State Prison in Corcoran, California, filed this *pro se* civil rights action against Salinas Valley State Prison ("SVSP") correctional officials pursuant to 42 U.S.C. § 1983. On July 2, 2020, the Court found that the first amended complaint stated a cognizable Eighth Amendment claim against defendants W. L. Muniz, Warden Hatton, Associate Warden Victor Solis, Chief Deputy Warden T. Foss, business services administrator K. Green, sergeant Cermeno, acting CSW P.L. Vasquez, sergeant Obodozie, sergeant Banger, correctional plant supervisor Jim Johnson, correctional plant manager II Sam Ochoa, building trades supervisor D. Mendez, building trades manager S. Sandoval, and carpenter III T. Vaughn, and issued an order of service. Dkt. No. 15. On July 9, 2020, the United States Marshal filed an unexecuted service of summons for building trades manager S. Sandoval, stating that the California Department of Corrections and Rehabilitation has no record of an employee by this name or title. Dkt. No. 20.

    A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over

90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Sandoval, and the amended complaint was filed on May 4, 2020. Consequently, plaintiff must remedy the situation or face dismissal of Sandoval without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within twenty-eight (28) days of this order**,** Plaintiff must effect service on defendant Sandoval, or submit to the Court sufficient information to identify and locate defendant Sandoval such that the Marshal is able to effect service. **Failure to comply with the deadline set forth in this order will result in dismissal of the unserved defendant without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

Dated: 7/21/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge